# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2437

_____

United States of America

*Plaintiff - Appellee*

v.

Juan Garcia

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: December 6, 2013
Filed: December 11, 2013
[Unpublished]

_____

Before WOLLMAN, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

Juan Garcia directly appeals the sentence the district court[1] imposed after he pled guilty to distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1)

---

[1]The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas.

and 18 U.S.C. § 2. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), suggesting that the district court clearly erred in determining the quantity and type of drugs attributable to Garcia for purposes of calculating his Guidelines imprisonment range, and that the court therefore abused its discretion in sentencing him within the calculated range.

Upon careful review, we conclude that the district court did not clearly err in its factual findings regarding the quantity and type of drugs attributable to Garcia. See U.S.S.G. § 1B1.3(a)(2) & comment. (backg'd.) (in drug distribution case, quantities and types of drugs not specified in count of conviction are to be included in determining offense level if they were part of same course of conduct or part of common scheme or plan as count of conviction); United States v. Ault, 446 F.3d 821, 823 (8th Cir. 2006) (whether uncharged conduct is part of same course of conduct involves fact-intensive inquiry; appellate court reviews sentencing court's relevant-conduct findings for clear error). We further conclude that the district court did not abuse its discretion in sentencing Garcia to a prison term at the low end of his correctly calculated Guidelines imprisonment range. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (appellate court applies deferential abuse-of-discretion standard to sentencing decision and may apply presumption of reasonableness to within-Guidelines-range sentence).

Finally, having independently reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we conclude that there are no non-frivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____